UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

DARCY A. HAGER,

    Debtor.

_____/

Case No. 17-01593
Hon. Scott W. Dales
Chapter 13

CONFIRMATION ORDER

PRESENT:  HONORABLE SCOTT W. DALES
       Chief United States Bankruptcy Judge

Following an evidentiary hearing on August 17, 2017, to resolve a chapter 13 confirmation objection filed by creditor Lawrence W. Newmeyer, the court entered an order denying confirmation, indicating that it would dismiss the case unless the debtor, Darcy A. Hager (the "Debtor"), timely filed a notice to convert, a motion to dismiss, or a "substantially revised repayment plan." *See* Memorandum of Decision and Order dated September 5, 2017 (ECF No. 56). In response, she timely filed a Revised Plan (ECF No. 60, the "Revised Plan") and a motion to confirm the revised plan (ECF No. 61, the "Motion"). Chapter 13 trustee Barbara P. Foley (the "Trustee") supports confirmation of the Revised Plan, as she did with respect to its predecessor.

Likewise, Mr. Newmeyer objects to the Revised Plan, as he did with respect to its predecessor. The court held a hearing in Kalamazoo, Michigan, on November 16, 2017, at which it heard oral argument. At the conclusion of the hearing, the court announced its intention to confirm the Revised Plan, so long as the confirmation order includes a provision to address the court's (and Mr. Newmeyer's) concerns about feasibility.

In response to the court's requirement that the Debtor radically revise her plan in order to win confirmation, she increased the dividend commitment to unsecured creditors from $2,000.00

to $30,000.00, in part by extending her plan term to the statutory maximum of sixty months, but also with annual step increases, and an additional contribution from her live-in ex-husband.

After discussion with counsel, the court concluded that Mr. Newmeyer's objection principally involved the feasibility of the Revised Plan, given the Debtor's reliance on her ex-husband's $1,050.00 monthly contribution in the nature of room and board, and Mr. Newmeyer's insistence that the Debtor "modify her lifestyle" by surrendering the condominium in South Haven.[1]

With respect to feasibility, however, Trustee's counsel reported that plan payments are current and she recommends confirmation, thus supporting Debtor's assertion that the Revised Plan is feasible. Debtor's counsel, for his part, pointed to the Affidavit of James Hager dated September 27, 2017 (ECF No. 61-1), which describes Mr. Hager's willingness and ability to contribute to the Debtor to fund the Revised Plan. Moreover, in response to the court's suggestion to include a provision for expedited dismissal in the event of a default under the Revised Plan, the Debtor readily agreed that the case may be dismissed upon affidavit, following notice of default and a twenty-one-day cure period. This provision will serve to ensure that the Debtor cannot fall behind more than one month, assuming creditor or trustee diligence. In view of this unusual default-related safeguard, along with the information provided by the Trustee and the evidence earlier admitted, the court is satisfied that the Revised Plan is feasible.

With respect to Mr. Newmeyer's insistence that the Debtor surrender the condominium to show that she has modified her lifestyle in response to his demands, the court takes a less-subjective, more "dollars and cents" approach. The additional $300.00 monthly contribution from

---

[1] Having again considered the other confirmation requirements in § 1325(a) and, based on the Trustee's renewed recommendation, prior evidentiary proceedings, as well as a review of the Revised Plan and the docket generally, the court is satisfied that the other requirements are met.

Mr. Hager effectively reduces the Debtor's housing cost, as the Trustee argued in connection with the first contested confirmation hearing.  By taking her ex-husband in as a boarder, and accounting for the condominium fees that earlier troubled the court (plus a little extra through Mr. Hager's monthly increase), she substantially reduced her net living expenses, bringing them in line with the court's experience in these matters.  The court's approach is practical; the creditor's approach, in contrast, seems punitive.  The main purpose of chapter 13, it must be said, is to keep debtors in their homes, balancing, of course, the interests of creditors; we no longer demand a pound of flesh.

Against these plan changes, Mr. Newmeyer continues to insist on more concessions, adverting to facts the court has already considered in the context of the prior evidentiary hearing, especially Mr. Hager's former unwillingness to pay child support until pressed.  Because the question is essentially one committed to the court's discretion based on the record already established, and without any suggestion from Mr. Newmeyer that he has any additional evidence beyond that already introduced, the court determined not to impose the additional delay and expense that a second, duplicative evidentiary hearing would entail.[2]

Based on the entire record, including the Trustee's recommendation and the Revised Plan which meets the court's requirement of a radical, pro-creditor adjustment, the court is prepared to confirm the current proposal.  Its earlier compunction was based primarily on (i) doubts about feasibility (now addressed with several additional months of good payment history and mitigated with a strict "drop dead" provision), and (ii) the former $2,000.00 dividend which seemed paltry when juxtaposed against a relatively high housing expense (now substantially reduced by Mr.

---

[2] As the court observed when denying confirmation of the Debtor's original plan, the objecting party has the initial burden at the confirmation hearing to produce evidence in support of an objection, but a debtor has the ultimate burden of establishing by a preponderance of the evidence that her chapter 13 plan meets the confirmation requirements prescribed in § 1325. *In re Lofty*, 437 B.R. 578, 584 (Bankr. S.D. Ohio 2010); *see also Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123, 1126 (6th Cir.1990); *Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 273 B.R. 87, 91 (6th Cir. BAP 2002).  The court has already considered Mr. Newmeyer's evidence during the evidentiary hearing several months ago.

Hager's additional contribution to the household). The dividend to unsecured creditors has increased fifteen-fold, and Mr. Hager's contribution similarly rises from $750.00 to $1,050.00 per month. Given the Debtor's obviously intense motivation to keep her home and post-petition payment history, the court predicts that she will make her plan payments as she has been doing now for several months, post-petition, according to the Trustee's uncontested report. And, if the Trustee's and the court's predictions about feasibility fall short, the default provisions in this Order will provide prompt protection to Mr. Newmeyer and others.

Finally, because of the involvement of prior counsel, the court will not employ the no-look fee in this case, but will instead award fees only on proper application with full itemization under LBR 2016-2(e)(2)(B).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 61) is GRANTED and the Revised Plan (ECF NO. 60) is CONFIRMED as provided herein.

IT IS FURTHER ORDERED that the court will dismiss this case on the affidavit of the Trustee indicating that the Debtor is in default of her obligations under the Revised Plan, provided that the affidavit is filed after affording the Debtor written notice of default and twenty-one days to cure.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Lawrence W. Newmeyer, Esq., Kerry Hettinger, Esq., Kurt Steinke, Esq., Ms. Darcy A. Hager, and the United States Trustee, and all entities included on the most recent creditor matrix.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated November 17, 2017**



_____

Scott W. Dales
United States Bankruptcy Judge