UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

DARCY A. HAGER,
fka DARCY FRANTZ-HAGER,

        Debtor.

_____/

Case No. DK 17-01593
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

After the court declined to confirm debtor Darcy A. Hager's chapter 13 plan, Ms. Hager retained new counsel, Kerry D. Hettinger, Esq., to assist her in proposing and prosecuting a revised, confirmable plan. Mr. Hettinger took on the Debtor's case, assisted her in revising her plan, and persuaded the court to confirm it, over the objections of creditor Lawrence W. Newmeyer, Esq. Mr. Hettinger then filed an Application for Fees and Expenses (the "Fee Application," ECF No. 89), seeking an award in the amount of $3,753.00 under 11 U.S.C. § 330(a)(4).

Mr. Newmeyer timely filed Creditor Lawrence W. Newmeyer's Objection to Attorney Hettinger's Application for Fees and Expenses (the "Objection," ECF No. 91), and the court held a hearing on July 25, 2018 in Kalamazoo, Michigan, to consider the Fee Application and the Objection. After listening to argument from Messrs. Hettinger and Newmeyer, the court took the matter under advisement. For the following reasons the court will approve the Fee Application as filed.

As the court noted in rejecting Mr. Newmeyer's objection to the fee application of Ms. Hager's original counsel, the court's task when considering fee applications for chapter 13 debtors' counsel is governed largely by § 330(a)(4) and the "lodestar" analysis. *See* 11 U.S.C. § 330(a)(4);

*In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991) (describing the lodestar award as product of multiplying reasonable hours by reasonable rate); *In re Ulrich*, 517 B.R. 77 (Bankr. E.D. Mich. 2014). Augmenting the statutory factors listed in § 330(a)(4), the Sixth Circuit's *Boddy* decision also directs the court to consider the following:

> (i) the time and labor required; (ii) the novelty and difficulty of the question; (iii) the skill required to perform the legal service properly; (iv) the preclusion of other employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed by the client or the circumstance; (viii) the amount of money involved and the results obtained; (ix) the experience, reputation, and ability of the attorney; (x) the lack of desirability of the case; (xi) the length and nature of the professional relationship with the client; and (xii) fee awards in similar cases.

*Boddy*, 950 F.2d at 338.

First with respect to Mr. Hettinger's rate -- $220 per hour -- it falls within the court's presumptively reasonable hourly rate for consumer attorneys who, like Mr. Hettinger, regularly attend continuing legal education programs. *See* Memorandum Regarding Allowance of Compensation and Reimbursement of Expenses for Court-Appointed Professionals, as amended effective October 1, 2013 (the "Fee Memorandum") at ¶ 16. Indeed, during the hearing, Mr. Newmeyer extolled Mr. Hettinger's expertise in his field (which supports a higher than average rate), and nothing in the former's argument or Objection raised any issue regarding counsel's hourly rate. The court is well-acquainted with Mr. Hettinger's work, experience, and training, and finds that his hourly rate is reasonable.

With respect to the hours Mr. Hettinger spent in connection with the case, Mr. Newmeyer stated generally that he regards roughly eighteen hours as too much time to spend on the case under the circumstances, particularly given the fees the court awarded to the Debtor's first law firm and the court's "road map" in the order denying confirmation of the Debtor's original proposal.

Although Mr. Newmeyer agreed that Mr. Hettinger should be paid something, his Objection did not include a specific reduction, nor did his oral argument suggest any specific reduction.  Instead, Mr. Newmeyer appears to take issue with the court's prior fee award in favor of Chase Bylenga Hulst, PLLC, and Congress's decision to subordinate his claim to the claims of debtors' counsel in chapter 13 cases.  *See* Objection at ¶¶ 3 & C (suggesting that he contributed as much to the case as any of the Debtor's lawyers, and requesting that the court place his claims against the Debtor "on the same level as the claims of Debtor's attorneys" to reflect his "contribution to the proper administration of the estate").  As the court noted during the hearing, Congress sets the policy concerning whether fees for debtors' counsel take priority over other claims; the court is not at liberty to ignore that decision, even under the guise of reducing fees.

As for Mr. Newmeyer's supposed contribution to the case, the court does not regard the confirmable chapter 13 plan from the Debtor -- even if prompted by Mr. Newmeyer's involvement in the case -- as the sort of benefit compensable as a cost of administration, and the legal fees that his repeated filings precipitated substantially undermined any such contribution, even if compensable.  Moreover, the request for priority treatment, buried in the prayer for relief of the Objection and masked in an argumentative phrase, does not provide sufficient notice to other interested parties.  The request is probably more rhetorical than genuine.

The court has carefully reviewed the itemization included within the Fee Application[1] and has considered the arguments of counsel.  Under the circumstances, the court finds that Mr. Hettinger's hours spent on the case so far fall within the range of reasonableness.  Mr. Hettinger supplemented the itemization of his fees by explaining at the hearing that the court's earlier denial

---

[1] Although the itemization suffers from occasional "bunching" of entries in a manner at odds with the Fee Memorandum, this defect does not seriously impede the court's review of the fees and, moreover, did not form any part of Mr. Newmeyer's Objection.

of confirmation[2] prompted him to proceed especially cautiously in advocating for a client who fared so poorly before the court with her original plan proposal. These concerns led Mr. Hettinger to proceed with extra diligence by interviewing not only the Debtor, as would be customary, but also the Debtor's ex-husband (upon whose financial assistance and cooperation the revised plan would depend). In addition, Mr. Hettinger reports that he took additional steps to satisfy himself that the medical condition of the Debtor's adult son justified the Debtor's plan to retain a home large enough to accommodate him from time to time, given his medical needs. The court can hardly insist that attorneys comply with their obligations under Fed. R. Bankr. P. 9011, including the obligation to investigate the factual predicates of their positions, and then penalize them by discounting their bills for making the necessary inquiries.

Moreover, several of the hours reflected in the itemization do not relate to the pursuit of confirmation, but instead show time spent addressing Mr. Newmeyer's objection to the fees of the Debtor's former counsel as well as his motion to reconsider the court's decision to confirm the plan. Mr. Hettinger spent a reasonable amount of time, approximately three hours, on these post-confirmation issues, in response to Mr. Newmeyer's filings, for the debtor's benefit. Thus, it is not fair to suggest, as Mr. Newmeyer did, that Mr. Hettinger spent eighteen hours making minor changes to the plan. As the court previously noted, Mr. Newmeyer's aggressive approach to this proceeding goes a long way to explaining why the fees the court has approved under § 330(a)(4) are higher than it approves in more routine chapter 13 proceedings.

To summarize, after applying the lodestar analysis, and drawing on its experience in this and other matters, the court finds that Mr. Hettinger's fees are reasonable and compensable under § 330(a)(4), notwithstanding Mr. Newmeyer's arguments to the contrary.

---

[2] *See* Memorandum of Decision and Order dated September 5, 2017 (ECF No. 56) at p. 17 (finding "more than a tincture of bad faith").

NOW, THEREFORE, IT IS HEREBY ORDERED that the Fee Application (ECF No. 89) is APPROVED and Mr. Hettinger shall have an administrative priority claim in the amount of $3,753.00 payable as provided in the confirmed plan.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Lawrence W. Newmeyer, Esq., Kerry D. Hettinger, Esq., Kurt Steinke, Esq., Ms. Darcy A. Hager, the United States Trustee, and all entities included on the most recent creditor matrix.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated July 30, 2018**



Scott W. Dales
United States Bankruptcy Judge